# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In Re: BRIAN J. CRISTOFONO,                                    BKY No. 20-40994
                                                               Adv. No.  20-4094
                          Debtor.

ANETA LENNARTSON and TOP LAW, PLLC,                    No. 20-1943

                  Plaintiffs-Appellants,

v.                                                    **ORDER DENYING APPELLANTS'
                                                      MOTION FOR LEAVE TO APPEAL**

BRIAN J. CRISTOFONO,

                  Defendant-Appellee.

Jeremy J. Cobb, **COBB CHAUCER PLLC,** 400 South Fourth Street, Suite 401-232, Minneapolis, MN 55415, for plaintiffs-appellants.

Nathan M. Hansen, 2440 North Charles Street, Suite 242, North St. Paul, MN 55109, for defendant-appellee.

Appellants filed a Complaint in an adversary proceeding in bankruptcy court.  (Mot. Leave Appeal, Ex. 5 ("Adversary Docket") No. 1, Sept. 14, 2020, Docket No. 1-5.)  Appellee filed an Answer in response.  (Adversary Docket No. 6.)  Appellants then moved the bankruptcy court to compel Appellee to replead and to strike his affirmative defense, arguing that the Answer did not comply with Federal Rule of Civil Procedure 8. (Adversary Docket No. 9; *see* Transcript at 4, Oct. 2, 2020, Docket No. 3.)  The bankruptcy court

denied the motion, finding Appellee's Answer to be fairly typical and thus satisfactory. (Mot. Leave Appeal, Ex. 7, Sept. 14, 2020, Docket No. 1-7; Transcript at 8.)  Appellants now move the Court for leave to file an interlocutory appeal of the bankruptcy court's decision.  (Mot. Leave Appeal, Sept. 14, 2020, Docket No. 1.)

Under 28 U.S.C. § 158(a)(3), the Court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court, *In re M & S Grading, Inc.*, 526 F.3d 363, 368, 371 (8th Cir. 2008), which the Court should only exercise in exceptional circumstances, *see In re Hecker*, No. 10-1904, 2010 WL 1875553, at *5 (D. Minn. May 10, 2010).  In determining whether to grant leave to appeal, the Court applies the standard found in 28 U.S.C. § 1292(b), which requires that (1) the order involves a controlling question of law, (2) to which there is a substantial ground for difference of opinion, and (3) upon which a decision will materially advance the outcome of the litigation.  *See In re SRC Holding Corp.*, No. 05-2768, 2006 WL 5939396, at *1 (D. Minn. Feb. 7, 2006).

Here, Appellants challenge the bankruptcy court's order regarding the sufficiency of Appellee's responsive pleading, but this order does not involve a controlling question of law that would either end the litigation or substantially reshape its future.  *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co.*, No. 10-4948, 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015).  Furthermore, given that Appellants would not likely prevail on appeal, *see* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1261 (3d ed.) ("[I]t usually is not productive to try and police the pleadings by motion[.]"),

granting leave to appeal would unnecessarily prolong the litigation, *see In re RFC & RESCAP Liquidating Tr. Litig.*, No. 13-3451, 2016 WL 3410332, at *4 (D. Minn. June 20, 2016).  Accordingly, the Court will deny Appellants' Motion for Leave to Appeal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Appellants' Motion for Leave to Appeal [Docket No. 1] is **DENIED**.


DATED:  November 4, 2020                    _____201943

at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                               Chief Judge
                                        United States District Court